IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY DEAN COBLE, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION: 1:15-00285-KD-B |
| | ) | CIVIL ACTION: 1:17-00307-KD-B |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**ORDER**

This matter is before the Court on *pro se* Petitioner Jeffrey Dean Coble (Coble)'s motion to vacate under 28 U.S.C. § 2255 (Doc. 54), Respondent United States of America (the Government)'s Response (Doc. 57), Coble's Reply (Docs. 65, 66), and Coble's Supplement/Amendment (Docs. 79, 80); Coble's motion for arrest of judgment (Doc. 77); Coble's motion for expedited evidentiary hearing (Doc. 81); Coble's motion to appoint counsel (Doc. 86); and Coble's motion for evidentiary hearing (Doc. 87).

**I.    Background**

On February 22, 2016, Coble plead guilty to one count of distribution of child pornography, and on June 30, 2016, was sentenced to 240 months' imprisonment. (Docs. 23, 24, 41). Coble did not appeal. Indeed, per Coble, "Movant has not had a Direct Appeal or any other post-conviction action challenging his **CONVICTION**." (Doc. 54 at 5, 11). On July 3, 2017, Coble moved to vacate per Section 2255. (Doc. 54).[1] Thereafter, Coble filed an amended petition and moved for appointment of counsel as well as an evidentiary hearing.

---

[1] Rule 4(b) of the Federal Rules of Appellate Procedure require a defendant's notice of appeal be filed in the district court within fourteen (14) days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Coble's time period to file a

1

In his petition, Coble asserts ten Section 2255 claims with regard to his indictment, ineffective assistance of counsel, prosecutorial misconduct, a violation of the Speedy Trial Act, and judicial misconduct. Specifically Coble alleges: #1) his indictment was legally insufficient (did not fully state that a crime was committed); #2, #3, #4) he was denied effective assistance of counsel (counsel failed to investigate the indictment's sufficiency and the pre-custody Miranda warning he received, and mislead him with a false statement "about the penalty phase[]"); #5, #6) prosecutorial misconduct in that the prosecutor mislead the Grand Jury to return a faulty indictment and used it to "strengthen and bolster [the] case[;]"; #7) the indictment was returned 10 days late, violating the Speedy Trial Act; and #8, #9, #10) Judicial Misconduct because the Court had an "in chambers meeting to practice law from the bench while maintaining goal of harpooning plea negotiations", demanded a guidelines cross-reference which greatly increased sentence, and the violated the ends of justice doctrine.

## II. Relevant Law[2]

Coble is a federal prisoner proceeding *pro se.* "[C]ourts should construe a habeas petition filed pro se more liberally...." See, e.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989). Nevertheless, habeas relief -- collateral relief -- is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165 (1982). A petitioner

---

direct appeal expired on July 14, 2016. A federal prisoner must ordinarily file a § 2255 motion to vacate his sentence within one year of, *inter alia*, the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). A conviction becomes final once the time for filing a direct appeal has expired. *Akins v. United States,* 204 F.3d 1086, 1089 n. 1 (11th Cir.2000). Therefore, the one-year filing period for a § 2255 motion to vacate expired July 14, 2017. Coble filed his § 2255 motion to vacate within the one-year time period.

[2] While the Court does not rely on unpublished opinions as binding precedent, they are referenced and relied upon herein as persuasive authority per Fed. R. App. P. 32.1(a).

who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. "[U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited ... [A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (internal citation and quotation omitted). See also Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) ("Nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in the miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure[ ]'") (internal citations omitted). "A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it." Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013). However, the Court "liberally construe[s] petitions filed *pro se*." Id.

Notably, a petitioner must show that one of the following occurred: 1) "the sentence was imposed in violation of the Constitution or laws of the United States," 2) "the court was without jurisdiction to impose such sentence," or 3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Section 2255 further requires that a federal prisoner file a § 2255 motion to vacate his sentence within one year of, *inter alia*, the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Ordinarily, a conviction becomes final once the opportunity for direct appeal has been exhausted. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Nevertheless, a Section 2255 petition does not take the place of a direct appeal. Indeed, "[a] careful reading of § 2255, and relevant case law, suggests that a request for habeas relief

should usually follow a request for relief via direct appeal. See 28 U.S.C. § 2255(f); Akins, 204 F.3d at 1089 n.1; Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001)." Tarabein v. United States, 2019 WL 2871151, *3 and note 3 (S.D. Ala. Jun. 17, 2019), *adopted by* 2019 WL 2870100 (S.D. Ala. Jul. 3, 2019). In keeping with this procedural default rule, a petitioner "generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). Coble failed to seek relief of any of his claims on direct appeal, suggesting some of his 2255 claims are procedurally defaulted. Bousley v. United States, 523 U.S. 614, 612 (1998); United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). See, e.g., Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (if available challenges to a federal conviction or sentence are not advanced on direct appeal, those claims are procedurally defaulted in a Section 2255 proceeding); United States v. Davis, 2010 WL 5239243, *3-4 (S.D. Ala. Dec. 14, 2010) (concluding that a petitioner procedurally defaulted on his claim that his guilty plea was involuntary because he failed to challenge it on direct review); Scott v. United States, 2008 WL 7258799, *19 (S.D. Ala. Nov. 3, 2008) (same).

However, as explained by the Eleventh Circuit in McKay v. United States, 657 F.3d at 1196 (footnote omitted) there are exceptions to procedural default:

> …. The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence. See Lynn, 365 F.3d at 1234. Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by "show[ing] cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Id. Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence

itself…[ ] See Dretke v. Haley, 541 U.S. 386, 388, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004)…..[3]

Moreover, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro, 538 U.S. at 509. Indeed, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." Id. at 504. See also, Milligan v. United States, 213 Fed. Appx. 964, 966 (11th Cir.2007) (This Court does not consider claims of ineffective assistance of counsel on direct appeal unless those claims were first raised in the district court with an opportunity to develop a factual record relevant to the merits of the claim) (citing United States v. Perez–Tosta, 36 F.3d 1552, 1563 (11th Cir.1994)).

The filing of a Section 2255 petition does not automatically entitle a petitioner to an evidentiary hearing. Rather, as set forth in Reed v. United States, 2019 WL 5457783, 81 (11th Cir. Oct. 24, 2019):

> The district court is not required to grant an evidentiary hearing in a § 2255 case where the files and records of the case conclusively show that the movant is entitled to no relief. Rosin, 786 F.3d at 877. However, the district court should grant an evidentiary hearing and rule on the merits of a movant's claim if he alleges reasonably specific, non-conclusory facts that, if true, would entitle him to relief. Winthrop-Redin, 767 F.3d [1210, 1216 (11th Cir. 2014)]. Accordingly, the district court must accept as true the movant's specific factual allegations in determining whether he is entitled to an evidentiary hearing. Griffith v. United States, 871 F.3d 1321, 1330 n.9 (11th Cir. 2017). Nevertheless, an evidentiary hearing is unnecessary where the movant's allegations are affirmatively contradicted by the record, based on unsupported generalization, or patently frivolous. Winthrop-Redin, 767 F.3d at 1216. Dismissal is also appropriate where a movant has presented conclusory allegations unsupported by specific factual assertions. Id.

---

[3] The second narrow exception, that Coble is innocent, can be dispensed because there is no evidence establishing Coble's innocence, nor does Coble assert the innocence exception applies. Lynn, 365 F.3d at 1235.

5

### III. Discussion[4]

A. Ineffective Assistance of Counsel

In contending ineffective assistance of counsel, Coble asserts that: (#2) his counsel failed to investigate the indictment's sufficiency; (#3) his counsel failed to investigate the pre-custody Miranda warning he received; (#4) his counsel made a false and misleading statement "about the penalty phase."

> To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, cause the result of the proceeding would have been different. Hinson v. Alabama, 571 U.S. 263, 271-272 (2014)(citing *Padilla v. Kentucky,* 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
>
> The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinson at 272. A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (quoting *Strickland,* 466 U.S. at 690). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689–90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. *Rose v. McNeal,* 634 F.3d 1224, 1241 (11th Cir.2011); *Hall v. Thomas,* 611 F.3d 1259, 1290 (11th Cir.2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. *United States v. Winfield,* 960 F.2d 970, 974 (11th Cir.1992); *Ladd v. Jones,* 864 F.2d 108, 109–10 (11th Cir.1989).

---

[4] In Coble's memorandum in support of his reply (Doc. 65), Coble appears to acknowledge that most of his claims are procedurally defaulted for failure to file a direct appeal. Nonetheless, the court has addressed each claim set forth in the petition.

> To establish prejudice under *Strickland,* petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." *Marquard v. Sec'y for the Dep't of Corr.,* 429 F.3d 1278, 1305 (11th Cir.2005) (quotation marks omitted). Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hinton,* 134 S.Ct. at 1089. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland,* 466 U.S. at 694) (internal quotation marks and citations omitted).

Holt v. United States, 2014 WL 3809108, at *2 (M.D. Fla. Aug. 1, 2014).

### (#1, 2) Sufficiency of the Indictment

Coble asserts ineffective assistance of counsel stating, "Counsel failed to fully investigate the sufficiency of the Indictment to define a criminal act." (Doc. 54 at 6). As to the sufficiency of the indictment, Coble asserts the indictment failed to inform him of the charge against him because it failed to specifically reference Section 2252A(a)(2)(B).

An indictment is sufficient if it tracks the language of the relevant statute; it need also put the accused on notice of the essential elements of the charged offense to enable the accused to prepare a defense. United States v. Jordan, 582 F.3d 1239, 1246 (11th Cir. 2009). Here, the Indictment reads "JEFFREY DEAN COBLE did knowingly receive and distribute material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), and that had been shipped and transported using any means and facility of interstate and foreign commerce, including by computer in violation of Title 18, United States Code, Section 2252A(a)(2)." (Doc. 15 at 1). Section 2252A(a)(2)(A) makes it a crime to knowingly receive or distribute "*any* child pornography", whereas Section 2252A(a)(2)(B) makes it a crime to knowingly receive or distribute "*any material that contains* child pornography." (emphasis added). The indictment specifically stated, Coble "did knowingly receive and distribute *material that*

7

*contains* child pornography." Section 2252A(a)(2)(B) is the only subsection of Section 2252A(a)(2) that has the phrase "material that contains" in its language. As such, neither Coble nor his counsel could read Section 2252A(a)(2) and conclude he was charged with a violation of anything but Section 2252A(a)(2)(B). United States v. Fern, 155 F.3d 1318, 1326 (11th Cir. 1998) (finding the indictment sufficient where it contained the phrase "false statement" which notified the accused of the specific subsection of the 42 U.S.C. § 7413 with which he was charged). The Indictment tracked the language of Title 18, United States Code, Section 2252A(a)(2) and notified Coble of the essential elements of the charges against him. Coble's argument that the indictment was insufficient is therefore without merit. Accordingly, his trial counsel did not provide ineffective assistance by failing to investigate or raise issue with the indictment because it is a meritless claim. See, e.g., Holt v. United States, 2014 WL 3809108, *4 (M.D. Fla. 2014) (trial counsel did not err in not challenging the sufficiency of the indictment where indictment contained the essential elements of the crime charged).

    (#3) Pre-custody[5] Miranda warning sufficiency

Coble next asserts ineffective assistance of counsel for failure to investigate the sufficiency of the Miranda warnings given to Coble. Agent Anderson, the agent assigned to this case, stated in the Affidavit in support of the Complaint that Coble was read his Miranda warnings, voluntarily waived his rights, and agreed to answer the investigator's questions. (Doc. 1 at 14-- SEALED). The interview was recorded. Coble has failed to cogently plead any facts to support the claim that the Miranda warnings were insufficient. Nor is there any evidence of record to support the allegation. Thus, counsel was not ineffective for failure to raise a meritless claim. Further,

---

[5] Coble appears to acknowledge that pre-custody interrogation does not require Miranda warnings, but yet challenges the sufficiency.

"conclusory allegations of ineffective assistance are insufficient" and are due to be denied. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); see also Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (conclusory allegations "are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support.").

Additionally, after any alleged Miranda warning failures occurred, Coble entered into a plea agreement. (Doc. 23). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea…." Tollett v. Henderson, 411 U.S. 258, 267 (1973).

(#4) Counsel's statement "about the penalty phase"

Coble next asserts an ineffective assistance of counsel claim because "[c]ounsel misled his client with a false statement about the penalty phase." (Doc. 54 at 9). Coble contends that his attorney told him the low end of the calculated sentencing guidelines was 108 months[6], but that he would argue for a 60 month sentence. And, because the guidelines were ultimately determined to be higher, his attorney's statements were false.

In some instances, failure to advise a defendant about the consequences of entering a guilty plea could result in ineffective assistance of counsel. See Padilla v. Kentucky, 559 U.S. 356 (2010) (finding counsel must inform client about deportation risks with pleading guilty). This occurs when the consequences of entering the guilty plea are "automatic" and easy for counsel to determine. Id. at 368-69. Counsel's erred statements are not per se ineffective assistance of counsel; the defendant must still show "but for counsel's unprofessional errors, the result of the proceeding would have

---

[6] In the draft presentence report the guidelines were calculated to be 108-135. (Doc. 25 at 10)

been different." Strickland v. U.S., 466 U.S. 668, 694 (1984). In Powell v. Hooks, the court denied defendant's ineffective assistance claim as to his counsel's allegedly misleading statements regarding the sentencing range. 2001 WL 397324 at *16. The court reasoned that even if counsel made misleading statements, the defendant was advised of the possible sentence by the Court with input from the District Attorney: "In light of the explicit recitation by the court of the sentencing range applicable to the petitioner, petitioner has failed to show that counsel's failure to give correct information, even if true, resulted in any prejudice to him." Id.

Coble's plea was entered February 22, 2019. The written plea explicitly states "[t]he maximum penalty the Court could impose as to Count One of the Indictment is: A minimum of five (5) years up to twenty (20) years imprisonment." (Doc. 23 at 3). The Court also advised him of the penalties at the guilty plea and the fact that the guidelines were advisory and not binding on the Court. Coble received 240 months' imprisonment, which was a guideline sentence. (Doc. 41). Accordingly, Coble was clearly informed regarding the consequences of his plea of guilty.

Coble complains that his attorney told him that the low end of the guidelines was 108 months and this proved to be incorrect. However, Coble prior to his plea Coble agreed that he had "reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be…." (Doc. 23 at 4). Moreover, Coble stated that he understood: 1)"that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected"; 2) "that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court"; and 3) that "there have

been different." Strickland v. U.S., 466 U.S. 668, 694 (1984). In Powell v. Hooks, the court denied defendant's ineffective assistance claim as to his counsel's allegedly misleading statements regarding the sentencing range. 2001 WL 397324 at *16. The court reasoned that even if counsel made misleading statements, the defendant was advised of the possible sentence by the Court with input from the District Attorney: "In light of the explicit recitation by the court of the sentencing range applicable to the petitioner, petitioner has failed to show that counsel's failure to give correct information, even if true, resulted in any prejudice to him." Id.

Coble's plea was entered February 22, 2019. The written plea explicitly states "[t]he maximum penalty the Court could impose as to Count One of the Indictment is: A minimum of five (5) years up to twenty (20) years imprisonment." (Doc. 23 at 3). The Court also advised him of the penalties at the guilty plea and the fact that the guidelines were advisory and not binding on the Court. Coble received 240 months' imprisonment, which was a guideline sentence. (Doc. 41). Accordingly, Coble was clearly informed regarding the consequences of his plea of guilty.

Coble complains that his attorney told him that the low end of the guidelines was 108 months and this proved to be incorrect. However, Coble prior to his plea Coble agreed that he had "reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be…." (Doc. 23 at 4). Moreover, Coble stated that he understood: 1)"that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected"; 2) "that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court"; and 3) that "there have

been different." Strickland v. U.S., 466 U.S. 668, 694 (1984). In Powell v. Hooks, the court denied defendant's ineffective assistance claim as to his counsel's allegedly misleading statements regarding the sentencing range. 2001 WL 397324 at *16. The court reasoned that even if counsel made misleading statements, the defendant was advised of the possible sentence by the Court with input from the District Attorney: "In light of the explicit recitation by the court of the sentencing range applicable to the petitioner, petitioner has failed to show that counsel's failure to give correct information, even if true, resulted in any prejudice to him." Id.

Coble's plea was entered February 22, 2019. The written plea explicitly states "[t]he maximum penalty the Court could impose as to Count One of the Indictment is: A minimum of five (5) years up to twenty (20) years imprisonment." (Doc. 23 at 3). The Court also advised him of the penalties at the guilty plea and the fact that the guidelines were advisory and not binding on the Court. Coble received 240 months' imprisonment, which was a guideline sentence. (Doc. 41). Accordingly, Coble was clearly informed regarding the consequences of his plea of guilty.

Coble complains that his attorney told him that the low end of the guidelines was 108 months and this proved to be incorrect. However, Coble prior to his plea Coble agreed that he had "reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be…." (Doc. 23 at 4). Moreover, Coble stated that he understood: 1)"that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected"; 2) "that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court"; and 3) that "there have

been no promises from anyone as to the particular sentence that the Court will impose." (Id. at 3-4). In the face of these clear statements regarding the uncertainty of guidelines, Coble fails to show that he would not have pled but for the alleged misstatements. Accordingly, his claim is without merit. Moreover, the Court does not find that counsel's advice was objectively unreasonable in light of the fact that the probation officer's initial calculation rendered the same guidelines and the government initially concurred.

    B. <u>Judicial Misconduct</u>

Coble's primary issue is not that his attorney did not accurately predict the guideline calculations, but rather seems to be that the undersigned "interfered" with the what Coble thought was the agreed guideline range. Coble further assert that the "plea agreement was breeched [sic] by the court." (Doc. 65). Coble also complains that the determination, that his guideline calculation would be higher than anticipated by the defense or the government, was made in secret. Coble concludes that the undersigned abdicated her role as a neutral judge by holding a "secret" chambers meeting which he contends violated the ends of justice doctrine.

For clarity, the Court recounts the sequence of events underlying Coble's judicial misconduct claim.[7] Coble's sentencing was scheduled for May 26, 2016. On the night before the hearing when reviewing the pre-sentence investigation report (PSR), the undersigned realized that the guideline calculations had failed to consider as relevant conduct that Coble had admitted to sexually assaulting two minors. On the day of the scheduled sentencing hearing, the court had a recorded[8] in-chambers conference with counsel and the probation officer. In the conference, the court apprised the parties of what the court believed to be an error in the guideline calculations and

---

[7] The court's order denying Coble's motion to recuse details the events. See (Doc. 71).
[8] The chambers conference has now been transcribed and added to the docket. (Doc. 89)

of the receipt of letters unfavorable to Coble. (Doc. 89). In order to give the parties sufficient time to prepare for the hearing in light of these disclosures, the court continued the hearing to June 30, 2016.

The guidelines were then recalculated in consideration of the admitted relevant conduct and resulted in a guideline of 168-210. (Doc. 28).[9] Prior to the sentencing hearing, the government urged the application of enhancements based on the age of the victims and the Coble's familial relationship with the victims. (Doc. 37). At the sentencing proceeding, the Court determined that the facts supported the enhancements which resulted in an offense level of 41 (324-405 months). (Doc. 42). However, because the maximum sentence in this case was 20 years, the guidelines were calculated to be 240 months.

It appears from Coble's claims that he misunderstands the role of the Court at sentencing. The Court is not required to blindly follow the plea agreement, what the parties thought the guidelines to be, or even the preliminary calculations of the probation office. However, the Court is required to accurately calculate the guidelines based on the proven or agreed facts of the case. Gall v. U.S., 552 U.S. 38, 49-50 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range."). Coble admitted in the factual resume that he had sexually assaulted two children. The Court was not at liberty to ignore admitted facts so that the guidelines would be more favorable to Coble.

---

[9] This docket entry is dated May 12, 2016. However, that date is when the PSR was first docketed. Apparently when the PSR is revised, the original PSR is replaced with the revised PSR using the original docket number.

12

Moreover, the Court is required to give advance notice to the parties of the Court's initial determination of the guidelines so that objections may be lodged before the sentencing hearing. The in-chambers conference and the continuance of the sentencing hearing fulfilled these duties. Accordingly, Coble's assertions are without merit. Moreover, these claim are procedurally defaulted.

    C.  Prosecutorial Misconduct

Coble's prosecutorial misconduct claims (#5, #6) regarding the return of a faulty indictment that cited the wrong statute and the claim that the return of the indictment violated his right to a speedy trial (#7) are procedurally defaulted because he did not raise them in a direct appeal. Moreover, Coble has failed to allege sufficient cause for his failure to raise these claims. And, more importantly these claims were waived by his plea. "A defendant's [unconditional] plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings. The right to a speedy trial has repeatedly been held to be non-jurisdictional, both before and after the passage of the Speedy Trial Act." *United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984) United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997).

## IV.   SUPPLEMENTAL PETITION

On March 19, 2019, Coble filed a supplement petition wherein he alleges: 1)That he was denied his Sixth Amendment right to assistance of counsel because a direct appeal was not filed. 2) That his sentence was not authorized by law because the criminal statute in his indictment was incorrect. An amended petition that falls outside of AEDPA's one year limitation period will not

be considered unless the amended claims relate back to the timely filed claims. As explained by the Supreme Court:

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."[1] By statute, Congress provided that a habeas petition "may be amended ... as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The Civil Rule on amended pleadings, Rule 15 of the Federal Rules of Civil Procedure, instructs: "An amendment of a pleading relates back to the date of the original pleading when ... the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. Rule Civ. Proc. 15(c)(2).
>
> … An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

Mayle v. Felix, 545 U.S. 644, 649–50 (2005) (footnote omitted). Applying this standard, the court finds that issue #2 of the supplemental petition relates back to Coble's insufficiency of the indictment claim, which the court found to be meritless. However, claim #1 which appears to allege a new ground of ineffective assistance of counsel (dealing with the fact no direct appeal was filed) cannot be fairly characterized as having been raised in Coble's original petition.[10] Thus, the court will not consider the claim.

V.      **Evidentiary Hearing**

Upon consideration of Coble's claims, the Court finds that most are procedurally defaulted, and the remainder lack merit as a matter of law, are conclusory, and/or appear frivolous. Thus,

---

[10] In Coble's reply he asserts a related claim that he could not file a timely appeal because he was transitioned from local custody to the BOP before he could ask his attorney to file an appeal. (Doc. 65) However, this argument also does not relate back to any issue raised in his original petition.

there is no need for an evidentiary hearing. As such, Coble's motion for an expedited evidentiary hearing (Doc. 81), for an evidentiary hearing (Doc. 87), and for appointment of counsel (Doc. 86) are **DENIED**.

VI.     **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2255, Rule 11(a) "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant[]". An applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is also being denied on procedural grounds, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). See also Miller–El v. Cockrell, 537 U.S. 322, 336 (2003) ("[u]nder the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further[ ]"'").

The Court finds that Coble has failed to make a substantial showing of the denial of a constitutional right. Nor could reasonable jurist find it debatable that many of his claims are procedurally defaulted. Thus, a certificate of appealability is **DENIED**.

## VII. Arrest of Judgment

Rule 34 of the Federal Rules of Criminal Procedure states "[t]he court shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged." Coble asserts the indictment was facially invalid for failing to apprise him of the charges against him and because it failed to cite a specific crime in only citing Section 2252A(a)(2)(B). (Doc. 77 at 2). For the reasons discussed *supra*, the indictment was sufficient and there is no basis for relief under Rule 34. Accordingly, Coble's Motion for Arrest of Judgment is **DENIED**.

## VIII. Conclusion

Accordingly, it is **ORDERED** that Coble's motion to vacate is **DENIED** and that a COA is **DENIED.**

The Clerk is **DIRECTED** to send to Coble by U.S. Mail: 1) a copy of this order; and 2) a copy of Document 89.

**DONE** and **ORDERED** this the **20th** day of **December 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**